Parker, C. J.
We intimated an opinion, after the argument at the last term, that the transfer of the ship was valid; the parties having desired to know to whom she lawfully belonged, that she might be employed by the owner without further loss.
*473 It having been found by the jury that the transaction was bond fide, it only remained for us to determine whether, in point of law, the transfer, under the circumstances proved, was valid, (a) The objection was, that the bill of sale was not delivered before the attachment took place. But, as there was a previous agreement between the parties that the vessel should be transferred, — or, at least, an assent, on the part of the plaintiffs, to take the conveyance if Wood should conclude to execute it, and also that the bill of sale should be left with the collector, for the use of the plaintiffs, — * we are all satisfied that the delivery to the [ * 533 ] collector, for the plaintiffs, and the acceptance of it by them, as soon as possible after they were informed that it was so delivered, was sufficient to complete the transfer ; one of the plaintiffs having taken possession as soon as it was practicable after the arrival of the vessel at Wiscasset. The transfer of the ship, then, must be considered as having been made before the attachment, which was on the 18th of July, the bill of sale having been made and delivered on the 16th to the collector, in pursuance of the agreement; „and possession of it, and of the vessel, having been taken by the plaintiffs on the 19th. (b)
The salt and coal stand on different grounds from the vessel. It does not appear when the bill of lading of the salt came into the possession of the plaintiffs; and it is certain that the bill of sale of the coal was not delivered until after the attachment. Notwithstanding the intention of Wood to assign these articles, and the inchoate steps taken for that purpose, the property was not changed by any thing done ; because there was no assent, on the part of the plaintiffs, until after the attachment.
It appears, by the cases of Hibbert vs. Carter, TÁckbarrow vs. Mason, and Haille vs. Smith, which were cited in the argument, that a mere endorsement of a bill of lading, without a delivery of it, does not transfer the property of goods. At least, this is to be understood as decided ; a delivery of the bill of lading being deemed essential in all the cases. Had the bill of lading, in this case, been left with the collector, as the bill of sale of the ship was; or had it been enclosed in a letter directed to the plaintiffs, and put into the *474 post-office ; perhaps either of those two acts would have amounted to a constructive delivery. But the bill of lading had not, as we can perceive, passed from the hands of Wood when the attachment was made ; and the bill of sale of the coal was not made until the 19th, although dated the 16th, of the month.
Under these circumstances, we are constrained to say, that what was done amounted only to an intention to transfer, * unexecuted ; and that the property, in point of law, remained Wood’s when the attachment was made.
The verdict must therefore be altered, so as to find that the property of the ship was in the plaintiffs, and that the property in the salt and coal was not in the plaintiffs; and there must be judgment for a return of the latter articles, with damages to the amount of six per cent, on double the value of those articles, as estimated in the replevin bond ; and for costs for the plaintiffs, (a)

 Vide note to Maynard vs. Maynard & Al. 10 Mass. Rep. 458, 3d ed. — Doe vs. Knight, 5 B. & C. 671. — Brooks vs. Marbury, 11 Wheat. 178. — Marbury vs. Brooks, 7 Wheat. 556. —Murray vs. Stair, 2 B. & Cr. 88.

 Badlam, vs. Tucker & Al. 1 Pick. 389.— Gardner vs. Howland, 2 Pick. 601, 602. — Hodges vs. Harris, 4 Pick. 360. — Blake vs. Williams, 6 Pick. 286. — Sed vide Lanfear vs. Sumner, 17 Mass. Rep. 110. — Shumway vs. Rutter, 7 Pick. 56. — Flagg vs. Dryden, 7 Pick. 52. — Where a share in or part only of a vessel is conveyed, no delivery is necessary. —Addis vs Raker, 1 Aust. 222. — Haskell vs. Greely, 3 Greenl 125. —Butterfield vs. Baker. 5 Pick 525. — Beaumont vs. Crane, 14 Mass. Rep. 400.

 As to the delivery of the endorsed bill of lading, see note to Maynard vs. Maynard & Al. 10 Mass. Rep. 458, 3d ed., and the cases there cited.